UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUCIEN | CIVIL ACTION |
| VERSUS | NO: 09-2534 |
| ZC STERLING INSURANCE CORPORATION | SECTION: "C" (5) |

## ORDER AND REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction. The Court previously ordered that the parties submit memoranda on the issue of amount in controversy at the time of filing. Rec. Doc. 2. The plaintiff argued that the jurisdictional minimum was satisfied. Rec. Doc. 4. The defendant has submitted neither a memorandum addressing subject matter jurisdiction nor an answer to plaintiff's complaint. Having considered the record, the plaintiff's memorandum, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. BACKGROUND

The plaintiff homeowner originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of *Abadie et al. v. Aegis Sec. Ins. Co.*, Civil Action No. 06-5164, to recover payment for property damage under his homeowners' insurance policy with ZC Sterling Insurance Corporation ("ZC Sterling"). Rec. Doc. 1. The case was consolidated with *In Re*

---

[1] Anna Elsohn, a second year student at Loyola University New Orleans College of Law assisted in the preparation of this opinion.

*Katrina Canal Breaches Consolidated Litigation*, 495 F.3d 191 (5th Cir. 2007). Magistrate Judge Wilkinson issued an order requiring the plaintiffs to each file an individual amended complaint asserting claims as to their respective property. The plaintiff then filed an individualized complaint against ZC Sterling. Rec. Doc. 1.

At the time of Hurricane Katrina, on August 29, 2005, plaintiff Lucien claims he was insured under a ZC Sterling homeowners' insurance policy which provided coverage to his home located at 4849 Werner Dr., in New Orleans, Louisiana. Rec. Doc. 1 at 2. The plaintiff did not state his policy limits and he has not provided a copy of his insurance policy. The plaintiff alleges that Hurricane Katrina caused substantial damage to his property, in the amount of $102,283.70. Rec. Doc. 9-4 at 1.

The defendant submitted neither a memorandum addressing subject matter jurisdiction nor an answer to plaintiff's complaint. The plaintiff alleges, however, that defendant has paid a total of $5,241.71, though he did not state under what coverage that payment was made. Rec. Doc. 9-4 at 1. The plaintiff also claims statutory penalties, interest, and attorney fees under La. R.S. 22:658 and La. R.S. 22:1220. Rec. Doc. 1 at 8. The plaintiff alleges that this Court has subject matter jurisdiction on the basis of diversity of citizenship.[2]

## II. LAW AND ANALYSIS

Under 28 U.S.C. §1332, federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–citizens of different states..." 28 U.S.C. §1332. Parties may neither consent to

---

[2]Plaintiff has the burden to show that the Court has subject matter jurisdiction over the matter. Plaintiff is domiciled in the State of Louisiana. Rec. Doc. 1 at 1. ZC Sterling is a foreign insurer authorized to do business in the State of Louisiana. *Id*. Therefore, the parties are completely diverse for the purposes of diversity jurisdiction.

nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 858 (5th Cir. 1999). Rather, the court must independently determine whether or not it has jurisdiction over the parties and the subject matter of the dispute. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The party attempting to invoke jurisdiction must "allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 (1938) (*citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1983) (*cert. denied*, 459 U.S. 1107 (1938)). The courts have further instructed that a jurisdictional determination must be conducted in such a manner as to enable an appellate court to ascertain whether the evidence supports the ultimate finding. *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658 (5th Cir. 1971).

Because the domicile of neither the plaintiff nor the defendant is disputed, and the parties are completely diverse for the purposes of diversity jurisdiction, the sole issue in this case is whether there is, in fact, over $75,000 in controversy. Rec. Doc. 1. The majority of Fifth Circuit cases concerning amounts in controversy deal with cases that were removed from state to federal court. The Fifth Circuit has, however, applied the same principles and procedures to matters over which the federal court has original jurisdiction. *See St. Paul Reins. Co. Inc. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998) (dealing with an action for declaratory judgment).

In cases that are removed from state court to federal court, the removing party must be able to show by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). *See also Luckett v. Delta*

*Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original). In *Allen*, the Court explained that if this "facially apparent" test has not been met, the court may instead require that the parties show "summary judgment-type evidence" regarding the amount in controversy. *Id*. The burden of proving that the minimum jurisdictional amount has been satisfied is on the party invoking the court's jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). *See also McNutt v. General Motors Corp.*, 298 (U.S. 178 (1936). In this case, therefore, that burden falls on the plaintiff.

Furthermore, in cases concerning insurance policies, the relevant inquiry to determine the amount in controversy is the damage to the property at the time the initial complaint is filed, not the insurance policy limits or the value of the property. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002). Accordingly, in this case the plaintiff's damage estimate, and not the policy limits, controls. Parties need to provide evidence implicating the limits of the policy, damage assessments, or repair estimates. *Fernandez v. Allstate Ins. Co.*, 2008 WL 314405 (E.D.La. 2008).

In his memorandum addressing subject matter jurisdiction, the plaintiff does not mention his policy limits, nor does he provide a copy of his insurance policy. He attached a letter written by his attorney to ZC Sterling on June 6, 2007, referencing his satisfactory proof of loss. Rec. Doc. 9-2 at 2. In the letter he mentioned that his property sustained a total of $102,283.70 in

damage and that the defendant had at that time paid a total of $5,241.71, which left $97,041.99 to be paid. *Id*. Plaintiff also attached a copy of repair estimates that were prepared after an inspection by a representative of Full Scope Services LLC. Rec. Doc. 9-3 at 1. The plaintiff has provided affirmative proof of loss accounting for the $53,669.13 in damage he claims his dwelling sustained. Rec. Doc. 9-4 at 1. With only that amount of damage, there is not enough in controversy. The plaintiff has not provided affirmative proof detailing his loss of use, or the damage to extensions and contents. Rec. Doc. 9-4 at 1. Without affirmative proof detailing the other losses the Plaintiff is claiming, it is impossible to determine how much remains in controversy between the parties.

Finally, the plaintiff claims he may be entitled to potential statutory damages, penalties, and attorneys fees under La. R.S. 22:658 and La. R.S. 22:1220. Rec. Doc. 4 at 5. Simply stating that he may be entitled to penalties is not enough. The plaintiff would have needed to present actual facts indicating the propriety of such penalties and indicating why he is actually entitled to those penalties. *Thompson v. Allstate Ins. Co.*, 2007 WL 763219 (E.D.La. March 18, 2007). The statutes cited by the plaintiff, La. R.S. 22:658 and La. R.S. 22:1220, spell out the insurer's duty of good faith and fair dealing as well as the insurer's affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. They also require findings of fact. La. R.S. 22:658 and La. R.S. 22:1220. Neither party has provided facts relevant to the allocation of penalties. In *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998), the Fifth Circuit held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction, but they did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. The plaintiff may be

entitled to penalties, but the Louisiana statute details six specific actions that constitute a "breach," and the "breach" must be demonstrated with actual evidence. The plaintiff has not provided evidence demonstrating the "arbitrary and capricious" nature of the defendants' acts.

Neither party has demonstrated that the amount in controversy exceeds the required minimum of $75,000, therefore, this Court does not have subject matter jurisdiction over this action.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that plaintiff's complaint is hereby dismissed for lack of subject matter jurisdiction under 28 U.S.C. §1332.

New Orleans, Louisiana this 2nd day of July, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**